**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| VBS DISTRIBUTION, INC., a California corporation, AKA VBS Home Shopping; VBS TELEVISION, a California corporation, | No.    17-55198<br><br>D.C. No.<br>8:16-cv-01553-CJC-DFM |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM[*] |
| NUTRIVITA LABORATORIES, INC., a California corporation; NUTRIVITA, INC., a California corporation; US DOCTORS CLINICAL INC., a California corporation; ROBINSON PHARMA, INC., a California corporation; KVLA, INC., a California corporation; TUONG NGUYEN, an individual domiciled in California; TRAM HO, an individual domiciled in California; JENNY DO, an individual domiciled in California, aka Ngoc Nu; DOES, 1-10 Inclusive, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted August 29, 2017
Pasadena, California

Before:  W. FLETCHER and IKUTA, Circuit Judges, and FREUDENTHAL,[**] Chief District Judge.

VBS Distribution, Inc. and Joseph Nguyen (collectively, VBS) appeal the district court's order denying VBS's motion for preliminary injunction.  We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we reverse and remand.

The district court erred in holding that because the overall configuration of VBS's live auction television show was functional, VBS failed to carry its burden of showing a likelihood of success on the merits of its trade dress infringement claim. As with restaurants' trade dress infringement claims, VBS can claim protectable trade dress in the overall look and feel of VBS's live auction show, regardless whether individual elements that constitute part of the claimed trade dress are functional.  *See Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1259 (9th Cir. 2001).

The record shows that VBS's customer list contains identifying information that is not readily accessible to the public or to other businesses, including purchase histories, methods of payment, and amounts of payment.  Moreover,

---

[**]    The Honorable Nancy Freudenthal, Chief United States District Judge for the District of Wyoming, sitting by designation.

because VBS has listed individuals who have already expressed an interest in purchasing jewelry from an auction television show, the customer list has independent economic value to VBS's competitors. *See MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 521 (9th Cir. 1993). Therefore, the district court erred in rejecting VBS's trade secret misappropriation claim on the ground that VBS failed to show that a reasonably diligent competitor could not readily obtain the information in the customer list.

The district court erred in holding that VBS failed to present sufficient evidence that Nutrivita's advertising was literally false with respect to two of the challenged statements. *See Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997). First, Nutrivita's advertising claim that Arthro-7 was "100% herbal" was contradicted by Arthro-7's own ingredient list, which includes animal products; there is no evidence in the record that "herbal" means something other than "of, relating to, or made of herbs," Webster's New International Dictionary 1058 (3rd ed. 1993) in the supplement industry. Second, VBS's claim that Nutrivita's advertising statement, "8 Million Bottles Sold," is literally false is essentially undisputed by Nutrivita; indeed, its CEO admitted there was no basis for this claim. Nutrivita's advertising statement, "Doctor Recommended,"

however, is not literally false, and VBS provided no evidence to substantiate its claim that the statement would be misleading to the public.

Because the district court erred in analyzing VBS's claims of trade dress infringement, trade secret misappropriation and false advertising, we reverse and remand to the district court to reconsider the elements of the preliminary injunction analysis in light of this disposition. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011).

**REVERSED AND REMANDED.**